IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANNETTE WALKER-GOGGINS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:15-cv-29-CDL |
| | : | |
| GEORGIA POWER, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER AND RECOMMENDATION

On March 3, 2015, Plaintiff filed a document titled "Whistle Blower/Injunctive Relief," which the Clerk docketed as a tort action involving a federal question. Along with the filing of her Complaint, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2). For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. However, it is recommended that Plaintiff's claims be dismissed.

### BACKGROUND

To the Court's best understanding of Plaintiff's rambling and disjointed filing, Plaintiff complains that "Georgia/Alabama Power Companies" improperly charged her the balance of a power bill for a Columbus, Georgia apartment incurred in "Jan. 2014 & Feb. 2015." Compl. 1. She states that she is homeless, and has been denied housing due to the "illegal practices" of Georgia/Alabama Power. *Id*. at 2. Attached to her Complaint, Plaintiff included an application rejection letter from Columbus Gardens stating that her credit history showed a failure to pay "GA Power" and that this prevented her from being leased an apartment at Columbus Gardens. Att. at 14, ECF No. 1-1.

Plaintiff requests a federal investigation into the "Utilities Practices of GA/AL Power Companies." *Id.* Plaintiff asks for one million dollars to be paid within seventy-two hours of the filing of her Complaint, as well as one million dollars per day until the dispute is settled to the satisfaction of "the victim(s)." *Id.* She also requests four hundred million dollars for "the loss of potential income/inheritance," attorney's fees under the Americans with Disabilities Act Section 505, for something to be "tax exempt," for criminal charges to be brought "for all violators," to be granted "whistle blower protection," and all other just and proper actions. Compl. 2.

Along with her complaint, Plaintiff filed multiple documents including Department of Justice regulations, birth records, a Houston Business Journal article, a Georgia Power billing statement with a due date of March 7, 2014, a letter from the Social Security Administration, an apartment renewal notice, an email regarding bill pay help, an Interview Summary with the Russell County Department of Human Resources, a letter from the Alabama Rural Coalition for the Homeless, the application rejection letter from Columbus Gardens, and two letters from Georgia Legal Services Program. ECF No. 1-1. It is unclear what claims most of these documents are intended to support or substantiate.

## DISCUSSION

I. **Motion to Proceed IFP**

Plaintiff moves to proceed in this action IFP. (ECF No. 2.) Title 28, United States Code Section 1915 provides that a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or

give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). Plaintiff has established that she is indigent for the purpose of 28 U.S.C. § 1915. Therefore, her motion to proceed IFP is granted.

**II.      Review pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (internal quotation marks and citation omitted). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Plaintiff's allegations do not trigger the subject matter jurisdiction of this Court. The only cognizable claim in Plaintiff's Complaint is the claim that Georgia/Alabama Power improperly charged her for electrical service that was not attributable to her. She states that Defendants "falsified the Plaintiff's statement . . . 'agreed to pay unauthorized use . . .' at service address 2001 Torch Hill Rd. #20A, Columbus, GA under state of emergency Jan. 2014 & Feb. 2015." Compl. 1. The Court construes this allegation as attempting to state a claim against Georgia/Alabama Power for improperly billing Plaintiff for "unauthorized" uses for which she did not agree to be liable.

Federal courts are courts of limited jurisdiction, and "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted); *see also In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008) ("[I]t is a duty of this Court to determine whether it has jurisdiction over a particular matter, even if doing so raises the issue *sua sponte*."); *O'Brien v. ABB DE, Inc.*, 160 F. App'x 818, 819 (11th Cir. 2005) ("[A]s a federal court of limited jurisdiction, we must determine *sua sponte* whether we have jurisdiction."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). In determining whether subject matter jurisdiction exists in a *pro se* case, the Court liberally construes the plaintiff's complaint. *Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007). However, a "plaintiff[] must affirmatively allege facts demonstrating the existence of jurisdiction." *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff's Complaint does not suggest a specific statutory grant of jurisdiction or trigger federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's Complaint must therefore trigger the Court's diversity jurisdiction in order to proceed. "A federal court has diversity jurisdiction over an action where: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the parties are citizens of different

states." *Goodin v. Fidelity Nat'l Title Ins. Co.*, 491 F. App'x 139, 142 (11th Cir. 2012); *see also* 28 U.S.C. § 1332(a)(1).

Plaintiff seeks damages in the amount of one million dollars per day and 400 million dollars for "the loss of potential income/inheritance." Compl. 2. However, simply because Plaintiff states that she seeks an amount greater than the amount in controversy requirement does not automatically satisfy the requirement. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000) ("While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.") "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

It is clear from the face of the Complaint that Plaintiff cannot recover the amount claimed. The requested 400 million dollars for "the loss of potential income/inheritance" has no basis in reality or in the Complaint itself. The only colorable claim in Plaintiff's Complaint is the contract dispute discussed above between Plaintiff and Georgia Power for charging Plaintiff with the costs of "unauthorized use" at an apartment in Columbus, Georgia. According to the billing statement attached to Plaintiff's Complaint, the "Total Due" was $302.14. This figure falls well short of the $75,000 amount in controversy requirement for diversity jurisdiction. Even if Plaintiff were to argue for some type of consequential damages as a result of what she calls "illegal practices" on the part of Georgia Power, such as for the impact that the overdue bill had on her credit report, these

5

claims would be too speculative to be considered in determining the amount in controversy. Furthermore, it is extremely unlikely that any consequential damages could rise to $74,697.87 on a claim totaling $302.14. Consequently, Plaintiff has not met the amount in controversy requirement for diversity jurisdiction, and the Court is without subject matter jurisdiction to consider Plaintiff's case.

Assuming *arguendo* that the Court had subject matter jurisdiction, Plaintiff's Complaint fails to state a claim. On its face, Plaintiff's Complaint makes no specific allegations against Defendant Georgia Power beyond a very general claim that it "falsified the Plaintiff's statement" and charged her for costs that she did not incur. Plaintiff does not explain any context surrounding her allegations and while she does include a billing statement, she does not explain what charges she complains about, how they were incurred, or what actions have been taken to address any perceived issues with the billing. This is insufficient to state a claim for relief.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 2) is granted. Furthermore, it is recommended that Plaintiff's Complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 10th day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE